# SUPPLEMENT.

## Opinion of the Judges of the Supreme Court.

A free colored person born in this state, is a citizen of the state and of the United States, within the meaning of the amendment of the constitution of the state, adopted in October, 1845.

The General Assembly at its May session, 1865, adopted a resolution requesting the judges of the supreme court to convene and give their opinion upon the question " whether a negro is or is not *a citizen of the United States*, within the meaning of that phrase as used in the amendment to the constitution of the state, adopted in October, 1845."

The following is the reply of the judges :—

To the General Assembly now in session at Hartford, within and for the state of Connecticut: The undersigned Judges of the Supreme Court, having considered the resolution of inquiry passed on the 10th day of instant June, in answer thereto say, that in their opinion a free colored person born in this state is a citizen of the state and of the United States, within the meaning of the amendment of the constitution referred to. Chief Justice Hinman, having been absent from home, and not having examined the question, respectfully declines expressing an opinion.

HENRY DUTTON,
THOMAS B. BUTLER,
C. J. McCURDY,
JOHN D. PARK.

NOTE.—In the case of *Crandall* v. *The State*, 10 Conn., 339, Daggett, Ch. J., charged the jury in the superior court that free blacks were not citizens. The case was carried to the Supreme Court, where the question was elaborately argued, but was ultimately decided on another point, and no opinion expressed upon the principal question. The court was held by Daggett, Ch. J., Williams, Bissell and Church, Js. Peters, J., was absent. It appears by minutes of the consultation taken by Judge Bissell, and found since his death among his papers, and which the

writer has had an opportunity to examine, that the question of the citizenship of free blacks was discussed at considerable length by the judges, and that while Judge Daggett adhered to the opinion expressed by him in the superior court, all the other judges either held or inclined to the opinion that they were citizens.

The writer has also seen a letter writen by Judge Williams, in March, 1857, (then in his 80th year) to Judge Bissell, in which, after expressing a desire that Judge B. would visit him, he goes on to speak of the Crandall case, as follows:

"I should like to converse with you upon a subject which has become of some interest— the Crandall case. Those who did not understand it, or did not care to have others understand it, have represented the court, of which we were then members, as having adjudged that the blacks were not citizens. Every one who reads the case knows that it is not so. Then I am inquired of what was the opinion of the judges on that point. You probably have the same inquiry made of you. Now I have no hesitation in saying that my own opinion did not coincide with Judge Daggett's, and I do not know as did that of one of the court, but I do not know as I can or ought to speak affirmatively for others. Now I should be glad to know what you say to such inquiries, or what I may say for you, and how far we ought to give our impression as regards the opinions of our deceased brethren. According to my recollection in the consultation at Brooklyn, Peters, J., absent, all of us differed from the Chief Justice so far as we expressed an opinion, but we gave no definite opinion, and when at Hartford concluded to dispose of the case on other grounds. If you are well enough please advise me what I ought to say to inquirers and whether there ought to be any delicacy in saying what were our impressions on the subject, though no judicial opinions were given. For myself I must say that I did not then doubt, nor since have doubted, that our respected friend was wrong in his charge to the jury."

The reply of Judge Bissell has not been found.

The question has lost some of its practical importance since the passage of the recent act by Congress, known as the Civil Rights bill, but the foregoing facts are of much historical interest.                                                                R.